*DRNY v. N.Y. State Dep't of Corr.*
*& Cmty. Supervision*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

DISABILITY RIGHTS NEW YORK,

> *Plaintiff - Appellant,*

> v.

> No. 24-2563

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, DANIEL F. MARTUSCELLO III, in his official capacity as the Commissioner of the New York State Department of Corrections and Community

Supervision,

*Defendants - Appellees.*[*]

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | CHRISTINA ASBEE (Jonathan Greenwald, Brandy L.L. Tomlinson, *on the brief*), Disability Rights New York, Albany, NY. |
| FOR DEFENDANTS-APPELLEES: | FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on August 28, 2024, is **AFFIRMED**.

Disability Rights New York ("DRNY") is the statewide Protection and Advocacy ("P&A") agency designated by the Governor of New York to protect

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is directed to amend the caption as reflected above.

and advocate for people with disabilities. DRNY sued the New York State Department of Corrections and Community Supervision ("DOCCS"), along with its Acting Commissioner at the time, Anthony J. Annucci, to enforce its rights under various federal laws authorizing P&A agencies to access the records of people with disabilities who have alleged abuse or neglect or rights violations in state custody ("P&A Acts").[1] More specifically, DRNY alleged that DOCCS "denied or delayed [its] access to the records" of 32 inmates, plus one who died in custody. App'x at 19. DOCCS produced many of the disputed records in the months after DRNY filed suit.

While litigation was pending, New York enacted (and then amended) a new law requiring state facilities to provide the P&A agency (here, DRNY) copies of records free of charge upon written request. 2021 N.Y. Sess. Laws ch. 755; 2022 N.Y. Sess. Laws ch. 28. Several months later, DOCCS produced the outstanding records in its possession that DRNY had requested. The district court granted summary judgment to DOCCS and dismissed DRNY's remaining claims. It

---

[1] DRNY uses this term to refer to the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15041 *et seq.*; the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. § 10801 *et seq.*; the Protection and Advocacy of Individual Rights Act, 29 U.S.C. § 794e; and the Protection and Advocacy for Assistive Technology Act of 2004, 29 U.S.C. § 3001 *et seq.*

subsequently denied DRNY's motion for attorney's fees, expenses, and costs on the ground that DRNY was not a prevailing party.

DRNY appeals that order, contending that it was entitled to attorney's fees because it was the "prevailing party" in the litigation.  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

In a suit under 42 U.S.C. § 1983, a district court has discretion to award "a reasonable attorney's fee" to "the prevailing party."  42 U.S.C. § 1988(b).  We review deferentially a district court's decision on an application for attorney's fees, expenses, and costs.  *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). Whether a plaintiff is a prevailing party is a question of law that we review without deference.  *Perez v. Westchester County Department of Corrections*, 587 F.3d 143, 149 (2d Cir. 2009).

A plaintiff prevails for purposes of § 1988(b) "when a court grants enduring judicial relief that constitutes a material alteration of the legal relationship of the

4

parties." *Lackey v. Stinnie*, 604 U.S. 192, 202 (2025).[2]  That change in relationship

"must be judicially sanctioned," as must its "enduring nature."  *Id.* at 203.

The court denied both of DRNY's summary judgment motions and granted

all three of DOCCS's, at least in part.  Even so, DRNY contends that the district

court's November 2020 order granting in part DRNY's motion for reconsideration

of a prior order effected an enduring material alteration of the parties' legal

relationship.  In the court's first order granting partial summary judgment to

DOCCS and dismissing certain of DRNY's claims, the court suggested that a P&A

agency's physical inspection of information and records is "a prerequisite" to its

"right to obtain copies" under the P&A Acts.  App'x at 225.  DRNY moved to

correct this order, arguing that the P&A Acts and their implementing regulations

do not impose such a physical inspection requirement.

In response, the court clarified its prior order, explaining that it had not

imposed a *general* physical inspection requirement, but rather held under the

circumstances of this case that DOCCS complied with the P&A Acts by offering

DRNY access to the physical records at DOCCS facilities because in its written

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

5

request DRNY didn't sufficiently identify the records it sought. The court explained that "sufficient identification" of records was a prerequisite to the P&A system's right to obtain copies without conducting its own physical inspection. App'x. at 334.

This reconsideration order did not provide DRNY with enduring judicial relief of the type it sought. The court expressly stated that this clarification did not alter its partial grant of summary judgment to DOCCS. And in the court's final order on the merits granting DOCCS summary judgment on DRNY's remaining claims, it concluded that DRNY was not entitled to a judgment declaring, or a permanent injunction directing, that DRNY was entitled to copies of records without prior physical inspection under the relevant federal laws. The court denied DRNY's requested relief on mootness and Eleventh Amendment grounds but added that it would reach the same result on the merits because DRNY didn't sufficiently identify the records it sought and therefore wasn't entitled to copies under the P&A Acts. Thus, the court's reconsideration order offered at most "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff," which isn't enough to make DRNY a prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 763 (1987).

DRNY further argues that it prevailed in the litigation because DOCCS ultimately produced the records it sought and changed its policy to allow DRNY to obtain copies of records without prior physical inspection.  But this "voluntary change in conduct" lacks the "judicial *imprimatur*" required by Supreme Court precedent, even if it gives the plaintiff what it sought to achieve in bringing the lawsuit.  *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 605 (2001).

And the record suggests that DOCCS changed its conduct to comply with the newly enacted New York state law, not the court's November 2020 reconsideration order.  That law went into effect in December 2021, with a February 2022 amendment that took effect in March 2022.  2021 N.Y. Sess. Laws ch. 755 § 2; 2022 N.Y. Sess. Laws ch. 28. § 2.  DOCCS produced the records that DRNY claimed were outstanding in June 2022.  The court then dismissed DRNY's remaining claims, concluding, among other things, that DOCCS's production of the records and promise to comply with the New York law going forward mooted the dispute.  "[E]xternal events that render a dispute moot," like repeal of a challenged law or enactment of a new one, "do not convert a temporary order . . . into a conclusive adjudication of [parties'] rights." *Lackey*, 604 U.S. at 201.

7

Here, passage of the New York law, which allows DRNY to obtain copies without physical inspection, does not turn the district court's clarification in its reconsideration order into enduring judicial relief on the merits.

\* \* \*

For the above reasons, the district court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court